UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ROOFING & RECONSTRUCTION
CONTRACTORS OF AMERICA LLC
a/a/o William Bak,

    Plaintiff,

v.                               Case No: 2:19-cv-443-FtM-29MRM

METROPOLITAN CASUALTY
INSURANCE COMPANY,

    Defendant.

**OPINION AND ORDER**

This matter comes before the Court on review of defendant's Motion to Dismiss Petition (Doc. #14) filed on July 19, 2019. Plaintiff filed a Response (Doc. #15) on August 2, 2019. Defendant argues that the sole cause of action for declaratory relief fails because it does not sufficiently plead a "continuing and substantial controversy" warranting a declaratory judgment. For the reasons set forth below, the motion is denied.

**I. Standard of Review**

Under Federal Rule of Civil Procedure 8(a), a Complaint must contain a "short and plain statement of the grounds for the court's jurisdiction", and a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P.

8(a)(1), (2).  This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted).  To survive dismissal, the factual allegations must be "plausible" and "must be enough to raise a right to relief above the speculative level." Id. at 555.  See also Edwards v. Prime Inc., 602 F.3d 1276, 1291 (11th Cir. 2010). In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff, Erickson v. Pardus, 551 U.S. 89 (2007), but "[l]egal conclusions without adequate factual support are entitled to no assumption of truth," Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011) (citations omitted).

While federal pleading standards govern, plaintiff brings a state law claim pursuant to the Florida Declaratory Judgment Act, Fla. Stat. § 86.01 et seq.  (Doc. #3, ¶¶ 27, 28, 30.)  Federal removal jurisdiction is premised on diversity of citizenship. (Doc. #1, ¶ 6.)  Thus, Florida substantive law governs, and federal case law interpreting the federal Declaratory Judgment, 28 U.S.C. § 2201 et seq. is not applicable in this case. Erie R.R. v. Tompkins, 304 U.S. 64 (1938); Hartford Accident & Indem. Co. v. Beaver, 466 F.3d 1289, 1291 (11th Cir. 2006).

## II. Petition for Declaratory Relief

The Petition alleges that defendant Metropolitan Casualty Insurance Company (Metropolitan) issued an insurance policy to William Bak covering certain property in Naples, Florida; that on or about September 12, 2017, while defendant's insurance policy was in effect, this property suffered hurricane damage; that Mr. Bak filed a timely claim with Metropolitan; and that Metropolitan denied coverage. Plaintiff Roofing & Reconstruction Contractors of America LLC rendered roofing services in connection with the hurricane damage, and became the assignee of Mr. Bak.

As the assignee, plaintiff asserts that the claim was wholly and improperly denied and seeks an interpretation and clarification of certain provisions in the insurance policy. Plaintiff alleges that the policy provides "all risk" coverage, that it is unaware of any express provision preventing coverage, and therefore believes the claim was wrongfully denied. A copy of the policy is not attached to the Petition or the motion. Plaintiff argues that despite its belief of a wrongful denial of coverage, it is uncertain as to its right to coverage under the policy. Plaintiff alleges that the relief sought relates to a present, ascertainable controversy, and seeks the declaration under Fla. Stat. § 86.021.

## III. Florida Cause of Action

The Florida Declaratory Judgment Act is substantive law intended to be remedial in nature, and is to be liberally administered and construed. Fla. Stat. § 86.101; Higgins v. State Farm Fire & Cas. Co., 894 So. 2d 5, 10–12 (Fla. 2004). Courts are authorized "to declare rights, status and other equitable or legal relations, whether or not further relief is or could be claimed", and "its declaration may be either affirmative or negative in form and effect. . . ." Fla. Stat. § 86.011. Courts "may render declaratory judgments on the existence, or nonexistence: (1) Of any immunity, power, privilege, or right; or (2) Of any fact upon which the existence or nonexistence of such immunity, power, privilege, or right does or may depend, whether such immunity, power, privilege or right now exists or will arise in the future." Fla. Stat. § 86.011.

A declaratory judgment action may be brought by "[a]ny person claiming to be interested or who may be in doubt about his or her rights" under a contract "or whose rights, status, or other equitable or legal relations are affected" by a contract in order to determine "any question of construction or validity arising under such" contract. Fla. Stat. § 86.021. This "does not limit or restrict the exercise of the general powers conferred in s.

86.011 in any action where declaratory relief is sought." Fla. Stat. § 86.051. "Any declaratory judgment rendered pursuant to this chapter may be rendered by way of anticipation with respect to any act not yet done or any event which has not yet happened, and in such case the judgment shall have the same binding effect with respect to that future act or event, and the rights or liability to arise therefrom, as if that act or event had already been done or had already happened before the judgment was rendered." Fla. Stat. § 86.051.

Under Florida law, "there must be a bona fide need for such a declaration based on present, ascertainable facts or the court lacks jurisdiction to render declaratory relief." Martinez v. Scanlan, 582 So. 2d 1167, 1170 (Fla. 1991). Additionally, "there still must exist some justiciable controversy between adverse parties that needs to be resolved for a court to exercise its jurisdiction." Id. at 1171. Where there is no longer a bona fide, actual, or present need for a declaration, a court lacks jurisdiction to grant relief under the Florida Declaratory Judgment Act. Santa Rosa Cnty. v. Administration Comm'n, Div. of Admin. Hearings, 661 So. 2d 1190 (Fla. 1995). The Florida Declaratory Judgment Act authorizes declaratory judgments as to insurance policy obligations to defend and provide coverage for

indemnity even when it is necessary to decide issues of fact in order to determine the declaratory judgment. <u>Higgins v. State Farm Fire and Cas. Co.</u>, 894 So. 2d 5, 9 (Fla. 2004).

Having reviewed the Petition, the Court is satisfied that it meets the pleading requirements for a cause of action seeking a declaratory judgment under Florida law.

Accordingly, it is now

**ORDERED:**

Defendant's Motion to Dismiss Petition (Doc. #14) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this   14th   day of November, 2019.

*[signature: John E. Steele]*
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of record

6